2022 IL App (2d) 200535
No. 2-20-0535
Opinion filed March 21, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CM-3363 |
| JABARI D. McINTYRE, | ) ) ) | Honorable Jennifer J. Clifford, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial in the circuit court of Winnebago County, defendant, Jabari D. McIntyre, was convicted of resisting a peace officer (720 ILCS 5/31-1(a) (West 2018)). Defendant argues on appeal that his jury waiver was invalid because the trial court erroneously admonished him that the waiver was irrevocable. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    Defendant signed a written jury waiver in open court, with his attorney present, on July 15, 2020. Before defendant did so, the trial court questioned him to confirm that he understood that (1) he had a right to a trial by jury, (2) if he exercised that right, 12 members of the community would serve on the jury, (3) the jury's verdict to convict or acquit would have to be unanimous,

and (4) if he waived the right to a jury, the case would be tried before a judge. The court further confirmed that defendant had an opportunity to talk with his attorney about waiving a jury and that the decision was his own, made without force, threats, or promises. Before defendant signed the waiver, the trial court advised him, "[O]nce you waive your right to a jury trial, you can't change your mind and take it back."

¶ 4    A bench trial was held on September 11, 2020. At trial, Rockford police officer Lucas Davidson testified that, on November 2, 2019, he responded to a report of domestic battery at a residence on Darwood Avenue. Officer Sims also responded. Through a window, Davidson observed defendant push a woman in her midsection. Davidson then knocked loudly on the door, announcing that he and Sims were police officers. The woman walked toward the door and started to open it, but defendant shut the door. He then turned around so that his back was against the door, bracing it shut. Defendant refused the officers' commands to open the door. The officers pushed the door open and took defendant into custody.

¶ 5                                    II. ANALYSIS

¶ 6    Defendant maintains that his jury waiver was not valid because, due to the trial court's erroneous admonition, he was left with the mistaken impression that there was no possibility that he could withdraw the waiver.

¶ 7    Defendant acknowledges that he did not preserve this issue for review. He did not object to the trial court's admonitions during the waiver colloquy or raise the issue in his posttrial motion. Both steps were necessary to avoid forfeiture of the issue. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). Defendant argues, however, that the error is reviewable under the plain-error rule. Under the plain-error rule, we "will review unpreserved error when a clear and obvious error occurs and: (1) the evidence is closely balanced; or (2) [the] error is so serious that it affected the fairness of

the defendant's trial and challenged the integrity of the judicial process." *Id.* (citing *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007), and *People v. Hall*, 194 Ill. 2d 305, 335 (2000)).

¶ 8      The right to a jury trial is a fundamental right guaranteed by the United States Constitution (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §§ 8, 13). *Bannister*, 232 Ill. 2d at 65. Under the Illinois Constitution, the right to a trial by jury includes the right to waive a jury trial. *Id.* A defendant's waiver is valid if he makes it knowingly and voluntarily. *Id.* Here, defendant contends that the trial court was mistaken in stating that a jury waiver categorically cannot be withdrawn. However, when a criminal defendant voluntarily waives the right to a jury trial, he or she is *not entitled* to withdraw the waiver as a matter of right. *People v. Peacock*, 324 Ill. App. 3d 749, 753 (2001). Nonetheless, a trial court *may* permit the defendant to withdraw the waiver. Whether to do so "is a matter that is ordinarily within the discretion of the trial court unless the circumstances indicate the defendant failed to realize the consequences of his waiver." *Id.*

¶ 9      Although the trial court's admonition was misleading, it did not affect the validity of defendant's jury trial waiver.

> "[T]here is no precise formula for determining whether a jury waiver is understandingly made [citation]; however, a waiver will not be held invalid where the defendant, with counsel at his side, unambiguously chooses a bench trial, unless some prejudice to him is alleged and proved [citations]." *People v. Crespo*, 118 Ill. App. 3d 815, 820 (1983).

Here, there was no prejudice regarding defendant's jury waiver. Since defendant was willing to make an irrevocable waiver of the right to a jury, we have no reason to believe that he would have been unwilling to make a potentially revocable waiver. Thus, the possibility of withdrawing the waiver would not have dissuaded defendant from making the waiver. Because any

misunderstanding on defendant's part did not affect his decision to waive a jury, he suffered no prejudice. Accordingly, the waiver of the right to a jury trial was valid.

¶ 10    The trial court's misleading admonition could, however, have affected defendant's *post-waiver* decision making. Hypothetically, were defendant to have had a change of heart about his jury waiver, the trial court's admonition might have led him to refrain from seeking leave to withdraw the waiver. However, any error in that regard is outside the scope of plain-error review. Defendant seeks plain-error review on the basis that the trial court's error implicated his fundamental right to a jury trial. See *People v. Ruiz*, 367 Ill. App. 3d 236, 237 (2006) ("The issue of a defendant's waiver of his fundamental right to a jury trial is a matter that we may consider under the plain error rule, despite a defendant's failure to properly preserve that issue.") However, once a defendant validly waives the right to a jury trial—as done here—there is no fundamental right to withdraw the waiver. *Peacock*, 324 Ill. App. 3d at 753.

¶ 11    As our supreme court has explained:

"The plain-error doctrine does not instruct a reviewing court to consider all forfeited errors. [Citation.] It is not 'a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court.' [Citation.] Rather, it is 'a " 'narrow and limited exception to the general waiver rule' " ' [citation], whose purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process [citation]." *People v. Herron*, 215 Ill. 2d 167, 177 (2005).

Defendant does not contend that the evidence was closely balanced. Rather, he seeks review under the second prong of the plain error rule, which applies when "[the] error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *Bannister*, 232 Ill. 2d at 65.

¶ 12    The second prong of plain error can be equated with "structural error." *People v. Bever*, 2019 IL App (3d) 170681, ¶ 46. "A structural error is ' "a systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " ' " *Id.* (quoting *People v. Thompson*, 238 Ill. 2d 598, 614 (2010), quoting *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009), quoting *Herron*, 215 Ill. 2d at 186). "Structural errors are recognized in a very limited class of cases, including a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, and a defective reasonable doubt instruction." *People v. Ortega*, 2021 IL App (1st) 182396, ¶ 64. The alleged error here—an admonition inaccurately suggesting that withdrawal of a jury waiver was categorically forbidden—is not of the same character or quality as errors that have been deemed structural.

¶ 13                                III. CONCLUSION

¶ 14    For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County.

¶ 15    Affirmed.

**No. 2-20-0535**

| | |
|---|---|
| **Cite as:** | *People v. McIntyre*, 2022 IL App (2d) 200535 |
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 19-CM-3363; the Hon. Jennifer J. Clifford, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Drew A. Wallenstein, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |