2023 IL App (2d) 220133-U
No. 2-22-0133
Order filed March 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-CF-209 |
| JOHN S. JONES, | ) ) ) | Honorable Stephen L. Krentz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant validly waived his right to a jury when, in open court, he acknowledged that he understood the difference between a jury trial and a bench trial and affirmed that he was freely waiving his jury right. Defendant received additional admonishments, which reinforced the validity of the waiver, but these were not required under the case law.

¶ 2    After a bench trial, defendant, John S. Jones, was convicted of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2020)) and sentenced to five years in prison. On appeal, he contends that he did not validly waive his right to a jury trial, as the trial court's admonishments were insufficient. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On July 6, 2021, defendant was charged with aggravated domestic battery and domestic battery (*id.* § 3.2(a)(1)). That day, a "Pre-Trial Services Bond Report" was filed. According to the report, in 2016, defendant pleaded guilty to possession of cocaine with the intent to deliver and was sentenced to six years' imprisonment. Defendant also had (1) two convictions each of driving with a suspended license (2017), theft (2003), and possession of a stolen vehicle (2002 and 2001), and (2) one conviction each of domestic battery (2018), armed robbery (2007), residential burglary (2004), unlawful possession of a firearm (1999), and possession of a firearm with an expired Firearm Owner's Identification Card (1999).

¶ 5     On February 17, 2022, defendant moved to suppress a statement he made to the police. That day, the court denied the motion.

¶ 6     On February 18, 2022, the day of trial, defense counsel announced his appearance and informed the trial court that defendant would be arriving shortly. Counsel went on:

> "Your Honor, ***, there was a motion that was filed late yesterday. That motion was ruled against the defense [*sic*].
>
> I did have an opportunity to speak to my client after the outcome of that motion and he does at this time wish to execute a jury waiver, judge. So I do have a signed copy of that, that I can tender to the court at this time."

¶ 7     The printed waiver was on a form entitled "Jury Waiver/Guilty Plea." "Guilty Plea" was crossed out by hand. The body of the waiver read:

> "NOW COMES said Defendant in the above-captioned cause, and having been fully advised of his/her right to plead not guilty, that he/she is presumed innocent, the nature of the charge(s), the possible punishment for each charge, including extended or

consecutive sentences, the right to have a jury trial or a trial before a judge, to be proved guilty beyond a reasonable doubt, to confront the witnesses against him/her, to present evidence on his/her own behalf, to use the subpoena power of the Court, to have an attorney, and if indigent, to have an appointed attorney, and is advised of a trial in his/her absence, said defendant does hereby knowingly, voluntarily, and freely:

[ ] waives his/her right to trial by jury

[ ] waives his/her right to a trial by a judge[.]"

A handwritten "x" was in the box next to "waives his/her right to trial by jury."

¶ 8    Immediately after defense counsel tendered the waiver form to the trial court, the court acknowledged that defendant was now personally present. The court asked the parties whether defendant had been admonished about the maximum and minimum penalties. Counsels noted a disagreement as to the sentencing range. They explained that the State had a pending motion for defendant to be sentenced as a Class X offender. Counsels agreed that defendant was on notice of the motion and that the parties' disagreement over the sentencing range should not affect defendant's right to waive a jury trial. They also agreed that the sentencing range for a Class X conviction would be 6 to 30 years' imprisonment (no probation option), 4 years' mandatory supervised release, and a maximum fine of $25,000.

¶ 9    The court then addressed defendant, and this colloquy ensued:

"THE COURT: Mr. Jones, good morning. I've been presented with a document that's entitled a jury waiver, scratching out the guilty plea portion. Do you recognize this document?

THE DEFENDANT: Yes, I do.

THE COURT: And that was a yes?

THE DEFENDANT: Yes, sir.

THE COURT: Is this your signature on the bottom left of that?

THE DEFENDANT: Yes, it is.

THE COURT: Prior to signing this, did you have a conversation with your counsel where he talked to you about the benefits and detriments of waiving a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need any more time to talk to him about those detriments and benefits?

THE DEFENDANT: No, sir.

THE COURT: Do you understand that if I approve your offer of jury waiver today, there will not be a jury of any kind, and if the case proceeds to trial, when the case proceeds to trial, it will be in front of a judge and not a jury. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that if you waive that and I accept this waiver right now, you can't change your mind and ask for a jury at a later time. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Were you here and did you understand the minimum and maximum penalties associated with the offenses charged here that counsel just talked about?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about that?

THE DEFENDANT: No sir. Do they say—they said at bond call *** it was probationable, so I don't know how it got to that unless I misunderstood or something.

THE COURT: Okay. There appear to be a disagreement over that. The State is suggesting that this is not a probationable offense. Do you understand that that's their argument today?

THE DEFENDANT: Yes.

THE COURT: And do you understand that there is a possibility at least that it could be a non-probationable offense. Do you understand that?

THE DEFENDANT: Yes, I understand.

THE COURT: And, knowing that, do you still wish to waive your right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Just so we're clear, I'm going to read these rights into the record.

Sir, you are presumed innocent of all these charges. You do have the right to persist in your plea of not guilty, you do have the right to be proved beyond [*sic*] a reasonable doubt, to confront the witnesses called to testify against you, to present evidence on your own behalf, and to use the subpoena power of the court, to have an attorney at all times, and if you are indigent, the Public Defender's Office would represent you at all times. Do you understand those rights?

THE DEFENDANT: Yes, sir.

THE COURT: Has anybody forced you or coerced you into signing this jury waiver?

THE DEFENDANT: No, sir.

THE COURT: Anybody made any promises to you that are not contained within this document to induce you to sign it?

THE DEFENDNT: No, sir.

THE COURT: How far did you go in school?

THE DEFENDANT: I got my G.E.D.

THE COURT: You got your G.E.D. All right. I am going to accept your jury waiver as knowingly, freely, and voluntarily made."

¶ 10    The case immediately proceeded to a bench trial, where the court found defendant guilty of both counts. Defendant later moved for a new trial but did not raise a claim of error in the jury waiver. The court denied the motion, merged the second count into the first, and sentenced defendant to five years' imprisonment. He appealed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant's sole claim of error is that his waiver of a jury trial was invalid because the trial court failed to ensure that the waiver was knowing, voluntary, and intelligent. Although defendant has forfeited this claim by failing to raise it in the trial court, a jury waiver involves a fundamental right, so we address the claim as one of plain error. See *People v. Bracey*, 213 Ill. 2d 265, 270 (2004).

¶ 13    The State contends that defendant cannot overcome forfeiture, because he invited the error. See *People v. Holloway*, 2019 IL App (2d) 170551, ¶ 44 ("[I]nvited error does not raise a mere forfeiture to which the plain-error exception might apply; it creates an estoppel that precludes plain-error analysis."). The State relies on the facts that defendant signed a jury waiver and stated that he wanted a bench trial. We do not see how these facts make any error "invited" by defendant,

although they are pertinent to whether his jury waiver was knowing. If defendant is correct that he waived his right to a jury without sufficiently understanding what he was doing, it would be absurd to deny him relief simply because he went through the motions of waiving that right. Because the State's conception of invited error would erase the plain-error doctrine, we reject it.

¶ 14    We turn to our plain-error review. To decide whether there has been plain error, we must first decide whether there was error at all. See *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). As the pertinent facts are undisputed, our review is *de novo*. *Id.* at 66. A defendant has the right to a jury trial unless the defendant understandingly waives it in open court. 725 ILCS 5/103-6(i) (West 2020). The trial court must ensure the defendant's waiver is both express and understanding. *Bannister*, 232 Ill. 2d at 66; *People v. Frey*, 103 Ill. 2d 327, 332 (1984). Whether these requirements were met depends on no precise formula but on the case's particular facts. *Bannister*, 232 Ill. 2d at 66; *Frey*, 103 Ill. 2d at 332.

¶ 15    We turn to the facts here. At the waiver hearing, defense counsel stated on the record that he had spoken to defendant and that defendant wanted to waive his right to a jury trial. Counsel then submitted a jury waiver that defendant had signed. Although it is not clear whether defendant was in the courtroom when counsel said that defendant wanted to waive a jury trial, the court's questioning established that (1) defendant signed the waiver form; (2) before signing, defendant spoke to counsel about the "benefits and detriments" of electing a bench trial; (3) defendant understood those benefits and detriments; (4) defendant knew that he was choosing to be tried by the court rather than by a jury; and (5) defendant's decision had not been induced by any threats or promises. We conclude that, under *Frey* and *Bannister*, these facts more than sufficed to show that defendant validly waived a jury trial.

¶ 16    In *Frey*, on the day of trial—March 18, 1982—the trial court stated that the case was set for a bench trial. *Frey*, 103 Ill. 2d at 330. Neither party disputed that statement. *Id.* at 332-33. While there was no transcript (or substitute therefor) of any pretrial hearing relevant to a jury waiver, there were several pertinent pretrial orders. *Id.* at 329-30. For instance, five months before trial, on October 8, 1981, the trial court entered an order, which defense counsel approved, stating that counsel had told the court that the defendant was waiving a jury trial. *Id.* at 329. Several other pretrial orders also noted that the cause was set for a bench trial; moreover, defense counsel filed a pretrial motion noting that the defendant had waived a jury trial. *Id.* Notably, these pretrial orders did not indicate whether the defendant was present when the trial court accepted his jury waiver. *Id.* at 330. However, at the hearing on the defendant's motion for a new trial, the prosecutor testified without contradiction "that defendant was present on occasions when the matter of a bench trial was discussed, and at some point was advised of his right to trial by a jury or by the court." *Id.*

¶ 17    The appellate court held that the defendant had not knowingly waived his right to a jury trial, but the supreme court reversed. *Id.* at 331-32. The court noted, "[W]e have given effect to jury waivers made by defense counsel in [the] defendant's presence where [the] defendant gave no indication of any objection" to a bench trial. *Id.* at 332. The court approvingly cited two of its opinions where "defense counsel's single statement that [the] defendant was waiving a jury was held to constitute a valid waiver since [the] defendant was present in the courtroom and failed to object." *Id.* at 332 (citing *People v. Murrell*, 60 Ill. 2d 287, 290 (1975); *People v. Sailor*, 43 Ill. 2d 256, 260 (1969)). Indeed, there was no hard-and-fast requirement that the court advise the defendant of either his right to a jury trial or the consequences of a jury waiver. *Frey*, 103 Ill. 2d at 332.

¶ 18     In *Bannister*, about a month before the defendant's trial for murder and other offenses, the trial court advised him that, for the guilt phase of his trial, he was entitled to a jury trial but could waive that right, in which event the court would be solely responsible for deciding whether he had been proved guilty beyond a reasonable doubt. *Bannister*, 232 Ill. 2d at 66-67. On the day of trial, defense counsel submitted a signed jury waiver. The court then gave the defendant "an extended lecture," including some unclear advice on the minimum and maximum penalties. *Id.* at 67. After a bench trial, the defendant was convicted of the charges and sentenced to death for murder and lengthy prison terms for the lesser offenses. *Id.* at 55.

¶ 19     On direct appeal to the supreme court, the defendant contended that his jury waiver was invalid because the trial court erred in stating the potential sentences. *Id.* at 67. The court disagreed, explaining that a defendant's understanding of the potential penalties is important to the validity of a guilty plea but not a jury waiver. *Id.* at 68-69. More generally, the court stated, "When a defendant waives the right to a jury trial, *the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be determined by a judge and not a jury*." (Emphasis added.) *Id.* at 69. The trial court admonished the defendant of this fundamental distinction, and he responded that he understood. *Id.* at 70-71. Thus, "[the] defendant knew the difference between a bench trial and a jury trial and voluntarily chose the former." *Id.* at 71.

¶ 20     The pertinent facts here meet at least the minimum threshold set by *Frey* and *Bannister*. Defense counsel stated in open court that, after discussions, defendant had decided to waive a jury trial and had signed a form memorializing that decision. Although, again, we cannot be certain whether defendant was physically in the courtroom when counsel made that statement, the remainder of the proceedings made up for his (possible) absence just before. Defendant assured

the court that he wished to waive his right to a jury trial and had freely signed the waiver. The court provided defendant with the "pivotal knowledge" (*Bannister*, 232 Ill. 2d at 69) that the facts of his case would be decided by the judge and not by a jury, and defendant responded that he understood. Thus, defendant knew and understood the choice he was making, and that choice was voluntary.

¶ 21　Moreover, although the foregoing facts are sufficient to require affirmance, the following facts provide additional support. Defendant and his counsel both stated in open court that they had discussed whether defendant ought to waive his right to a jury trial, including the possible benefits and detriments of that choice. Defendant was experienced with the criminal justice system, having acquired numerous convictions over approximately two decades. We cannot say whether any of these convictions arose out of a trial (bench or jury). But even if all of them were resolved by guilty pleas, it defies common sense to suggest that defendant could have gone through all of these cases—some involving felonies—without counsel or the court telling him about the basic distinction between a jury trial and a bench trial.

¶ 22　In contending that his jury waiver was not knowing, defendant relies in part on cases with vastly different facts. See *People v. Ruiz*, 367 Ill. App. 3d 236, 239 (2006) (reversing the defendant's conviction because there was no evidence that the defendant's jury waiver was ever discussed in open court); *People v Phuong*, 287 Ill. App. 3d 988, 991 (1997) (the defendant was a recent immigrant from China who required a translator at trial, had little education in the United States, and had no prior experience with the American criminal justice system); *People v. Sebag*, 110 Ill. App. 3d 821, 828-29 (1982) (the defendant was *pro se* and appeared to have no prior experience with the criminal justice system; also, the trial court mentioned only one of two charges during the waiver colloquy). Defendant contends further that *Frey* "seem[s] contrary" to *Bannister*.

We see no inconsistency, but even if we were free to ignore *Frey*, *Bannister* would clearly compel an affirmance.

¶ 23    Defendant also cites certain admonishments he did *not* receive, *i.e.*, (1) defense counsel did not state that he had explained to defendant how a jury trial would work and (2) the trial court did not tell defendant that he and counsel would be involved in selecting a jury, that the jury would have 12 members, and that its vote would have to be unanimous.[1] We grant that such admonishments would have strengthened the proof of a knowing waiver—and we encourage courts to exceed the baseline requirements set by case law. However, the missing admonitions that defendant cites are not crucial under *Frey* or *Bannister* and so were not required to establish a knowing, intelligent, and voluntary waiver here.

¶ 24    Finally, we comment on the trial court's remark that, once defendant waived his jury right, "[he] [could not] change [his] mind and ask for a jury at a later time." The court was mistaken if it was suggesting that it lacked discretion to allow defendant to revoke his waiver. See *People v.*

---

[1]In *Bannister*, the supreme court ended its discussion of the waiver issue by commenting that the defendant "was no stranger to the criminal justice system." *Bannister*, 232 Ill. 2d at 71. The court noted that, in one of the defendant's prior cases, he chose a bench trial after being informed that, in a jury trial, his guilt or innocence would be determined by a 12-person panel. *Id.* However, the court's reference to the admonishments in the prior case came *after* the court had already concluded that the record in the case at hand "establishe[d] that [the] defendant knew the difference between a bench trial and a jury trial and voluntarily chose the former." *Id.* Thus, the defendant's prior knowledge of a jury panel's size was additional, not necessary, support for the court's holding that the defendant validly waived his jury right.

*McIntyre*, 2022 IL App (2d) 200535, ¶ 8 (explaining that a defendant is "*not entitled* to withdraw [a jury] waiver as a matter of right," but the trial court "*may* permit the defendant to withdraw the waiver" (emphases in original)). However, such an erroneous admonishment would not have prejudiced defendant. If defendant "was willing to make an irrevocable waiver of the right to a jury, we have no reason to believe that he would have been unwilling to make a potentially revocable waiver." See *id.* ¶ 9.

¶ 25                                     III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 27    Affirmed.